IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                           No. CR 99-436 MV

RICHARD CASSADY,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant Cassady's Motion to Dismiss Based on Violation of the Speedy Trial Act, filed January 18, 2000 **[Doc. 62]**. The Court, having considered the motion, responses, relevant law, and being otherwise fully informed, finds that the motion is not well-taken and will be **DENIED**.

### BACKGROUND

On April 1, 1999, Defendants Richard Cassady, Gary Nielsen, and Liesa Barnes were charged with conspiracy to manufacture methamphetamine and made their initial appearances before United States Magistrate Judge Lorenzo Garcia. On April 7, 1999, Judge Garcia set conditions of release for Defendant Cassady, who has remained on release since that time. An indictment was filed against the Defendants on April 26, 1999 for conspiracy to manufacture methamphetamine and opening and maintaining a place for the purpose of manufacturing methamphetamine and they were arraigned on April 29, 1999 on those charges before Judge Garcia. The Court ordered that all motions be filed by May 19, 1999.

The Defendants filed three motions to extend this pretrial motions deadline. On May 19, 1999, co-defendant Nielsen moved to extend the motions deadline to June 18, 1999, asserting that he had received 478 pages of discovery which he had not yet had time to review, and that Cliff McIntyre, Cassady's attorney, concurred with the motion. The motion stated that the extension periods should be excluded pursuant to 18 U.S.C. 3161(h)(1)(F). The Court granted that motion on May 28, 1999, and subsequently and set trial for July 12, 1999. On June 18, 1999, co-defendant Nielsen again moved to extend the motions deadline and to continue the June 12 trial setting, stating that he needed additional time to prepare for trial. Again, McIntyre, on behalf of Defendant Cassady, concurred with the motion for extension. The Court granted the second motion requesting an extension, setting a new motions deadline of July 16, 1999. The Order found that the ends of justice in granting the extension and continuance outweighed Defendants' interests in a speedy trial and stated that the extension period should be excluded in calculating the speedy trial time, pursuant to 18 U.S.C. 3161(h)(1)(F), (8)(A), and (8)(B)(iv). It was approved by counsel for all parties. On July 15, 1999, co-defendant Lisa Barnes filed a motion to extend the motions deadline until August 16, 1999, arguing that her attorney, appointed on July 7, 1999, had just received discovery in the case and met with Barnes for the first time the day before filing the motion. The motion stated that Defendant Cassady did not object to it. Once again, the Court granted the motion.

On August 16, 1999, Defendants filed three pretrial motions: (1) Nielsen's motion to sever, or, in the alternative, to bar admission of co-defendants' statements; (2) Defendants' motion to suppress evidence seized; and (3) Nielsen's motion for disclosure of alleged co-conspirators' statements and for *James* hearing. The Court granted two motions by the Government to extend its response deadline, and on September 17, 1999, the Government responded to Defendants' three motions. The Court set a hearing on the pretrial motions for February 16, 2000. There has been

some additional activity in the case between the pretrial motions and the hearing on them, including the filing of and ruling on several sealed *ex parte* motions: by Defendant Cassady on August 31, 1999, and November 8, 1999; by co-defendant Nielsen on November 8, 1999; and by co-defendant Barnes on December 21, 1999, leaving the Court to assume investigations in this matter are ongoing. Defendant Cassady now moves for the dismissal of the charges against him, asserting a violation of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*.

## DISCUSSION

The Speedy Trial Act ("the Act") requires that a criminal defendant be tried within seventy days of the later of the following two events: (1) the date the indictment was filed, or (2) the date the defendant appeared before the Court. 18 U.S.C. § 3161(c)(1). Pursuant to that rule, in this case the speedy trial time began to accrue on April 30, 1999 – the day after Defendants were arraigned. The Act provides that, certain "periods of delay shall be excluded in computing the time within which . . . the trial . . . must commence." 18 U.S.C. § 3161(h). The delays excluded from the speedy trial calculation include:

> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—
> . . . .
>     (F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
> . . . .
> (8)(A) Any period of delay resulting from a continuance granted by any judge on his [or her] own motion or at the request of the defendant or his [or her] counsel . . . if the judge granted such continuance on the basis of his [or her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h).

In this case, there were two types of delays – extensions requested by Defendants, and the period between the filing of pretrial motions and the hearing on those motions – both of which are

excluded by the Act under certain circumstances. As discussed above, Defendant Cassady's co-defendants moved for extensions of the motions deadline for a total of ninety days which the Court granted – from May 19, 1999 to June 18, 1999, then to July 16, 1999, and finally to August 16, 1999. The second pretrial motion extension motion also requested a trial continuance. Pursuant to subsection (h)(8)(A) of the Act, delays caused by continuances requested by the defendant are excludable if the court makes findings that the ends of justice served by granting the continuance, "outweigh the best interest of the public and the defendant in a speedy trial." The court must make specific "ends of justice" findings as to each continuance it grants and such findings may not be made after the fact. *See United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir. 1989)("Although findings may be entered on the record after the fact, they may not be made after the fact"); *United States v. Pasquale,* 25 F.3d 948, 952 (10th Cir. 1994)("the failure to make ends of justice findings at each continuance precludes an examining court from justifying the continuances retroactively")(quoting *United States v. Saltzman*, 984 F.2d 1087, 1091 (10th Cir. 1993))(quotation marks omitted). Though the Tenth Circuit has held that time during a continuance will be excluded only if the court makes specific "ends of justice" findings, the time between the filing of the motion and the court's order is excludable. *See Pasquale*, 25 F.3d at 952 (citing *United States v. Blackwell*, 12 F.3d 44, 46 (5th Cir. 1994)).

The Court will review each of its orders granting motion extensions and the trial continuance, and apply the rules from *Doran* and *Pasquale*. The first motion requesting an extension on the motions deadline was filed on May 19, 1999 and was granted by an order filed May 28, 1999. Because the order does not make specific "ends of justice" findings, only the period between May 19 and 28, 1999 – nine days, is excludable. *Pasquale*, 25 F.3d at 952. The remaining period of extension to June 18, 1999 is not. *Id.* The second extension motion was filed June 18, requesting

a motions deadline of July 16, 1999 and a trial continuance both of which were granted. In its order granting the extension and the continuance, the Court found that:

> Failure to grant an extension of time for filing motions would deny counsel the reasonable time necessary for effective preparation and negotiation, taking into account the exercise of due diligence.
> . . . .
> As a result, the ends of justice served by continuing the trial set in this matter outweigh the best interest of the public and Defendants in a speedy trial.

Defendants had some 478 pages of discovery to review in preparation, and the Court properly found that the ends of justice would be served by granting the extension and continuing the trial. Accordingly, the entire 30 day motions extension from June 18 to July 16, 1999 is excludable under 18 U.S.C. § 3161(h)(8)(A) and (B) (iv). Further, because the Court granted the requested trial continuance, the exclusion under the Speedy Trial Act continued. The third extension motion, filed July 15, 1999, was granted on July 21, 1999 without "ends of justice" findings. Therefore, as with the first motion, only the time between the filing of the motion and the Court's order would be excludable, except that the trial continuance continued. Therefore, May 19 to May 28, 1999 is excludable as is the period after the granting of the trial continuance from June 18, 1999.

The period between the Defendants filing of their pretrial motions and the date on which the Court will hear those motions is further excluded under subsection (h)(1)(F). The Supreme Court has held that pretrial motions necessitating hearings are treated differently from pretrial motions for which a hearing is not needed. *See Henderson v. United States*, 476 U.S. 321, 329-30 (1986). As to pretrial motions for which the court grants a hearing, the entire time between the filing of the motion and the hearing, in addition to up to 30 days while the motion is being considered is excluded. *Id.* The motions in this case were filed on August 16, 1999 and the hearing is set for February 16, 2000. Consequently, this entire period is excluded in calculating the speedy trial time.

Turning to the relevant calculation, the Court notes that the speedy trial time began running on April 30, 1999 and ran until May 18, 1999, when the first motion to extend the motions deadline was filed, for a total of eighteen days. The period between May 19, 1999 and May 28, 1999, during which time the Court considered the extension motion, is excluded. The time under the Act ran again from May 29 to June 17 – another eighteen days. Then on June 18 the Court properly found that the ends of justice would be served by granting the motion extension and trial continuance, again stopping the clock. The time between the filing of the pretrial motions on August 16, 1999, and the present is excluded because of the pending motions. Accordingly, thirty-six days have run under the Speedy Trial Act. The time will again resume running after the Court has ruled on Defendants' motions.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Based on Violation of the Speedy Trial Act [**Doc. 62**] is hereby **DENIED**.

**DATED** this 2nd day of February, 2000.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

Attorney for Government:
   Neil Gallagher

Attorney for Defendant Cassady:
   Cliff McIntyre

Attorney for Defendant Nielsen:
   Jacquelyn Robins

Attorney for Defendant Barnes:
   Michael Davis