IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                        No. CR 99-436 MV

RICHARD CASSADY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Richard Cassady's Motion to Reconsider the Court's March 16, 2000, Memorandum Opinion and Order denying Defendant's Motion to Suppress Evidence Seized in Violation of the Fourth Amendment filed March 27, 2000 **[Doc. No. 84]**.

The Court, having considered the briefs, testimony of witnesses, oral argument of counsel, the applicable law, and being otherwise fully informed, finds that the Motion for Reconsideration is not well-taken and will be **DENIED**.

## STANDARD OF REVIEW

Although not provided for by the Federal Rules of Criminal Procedure, the courts have created a common-law exception recognizing "motions to reconsider" in criminal cases. *United States v. Healy*, 376 U.S. 75, 78-80 (1964); *United States v. Corey*, 99 F.2d 493, 495 (10th. Cir. 1983). Such motions are essentially treated the same as motions to alter or amend judgment in the civil context under Fed.R.Civ.P. 59(e). *U.S. v. LaHue*, 998 F.Supp. 1182, 1194 (D.Kan. 1998). A motion for reconsideration is an opportunity for the Court to correct manifest errors of law or fact, to review newly discovered evidence or to review a prior decision when there has

been a change in the law. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *see also* 18 Wright & Miller, Federal Practice and Procedure § 4478, at 790 (2d ed. 1981 & Supp. 1998). Absent extraordinary circumstances, "revisiting the issues already addressed 'is not the purpose of a motion to reconsider.'" *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

**DISCUSSION**

The sole grounds upon which Defendant moves for reconsider is whether the search of Defendant's residence began before or after a search warrant was issued by the magistrate. Defendant argues that the search began at 1:00 p.m., prior to the issuing of the search warrant at 2:00 p.m. The government contends that the search began at 5:00 p.m. after the search warrant was issued. At the close of the February 16th hearing, the Court ordered the Government to produce the patrol logs of New Mexico State Police Officer Shane Arthur and the flights logs from the DEA airplane conducting aerial surveillance above the residence searched. The purpose of this court ordered discovery was to ascertain the time at which the search was executed. The Government informed the Court that no flight logs are available that indicate the particular time of day. The Government did, however, produce the patrol logs of Officer Arthur. These logs indicate that Officer Arthur arrived at the scene at 5:30 p.m. to assist with the search of the residence, and remained at the scene until 9:00 p.m. This time frame is consistent with the testimony by Officer Arthur and DEA Agent Kirkpatrick who stated that the search warrant was issued by the magistrate at 2:00 p.m. and the search was executed at 5:00 p.m.

Defendant now asks the Court to reassess the credibility of Officer Arthur in light of the patrol logs. Defendant argues that the logs actually impeach Officer Arthur's testimony that he

was attending a briefing session at the State Police office prior to executing the search. The patrol logs indicate that he was patrolling in the hours prior to the search, rather than attending a briefing. The Court is not persuaded by Defendant's arguments. The purpose of a motion to reconsider is not to revisit evidence which was previously assessed by the Court, or re-determine credibility issues which are properly assessed from live testimony. The Court based its credibility assessment of Officer Arthur both from his testimony, and from the patrol logs which indicate that he was indeed at the search site at 5:30 p.m. The discrepancy in the patrol logs cited by Defendant does not compel the Court to reconsider its earlier credibility determination.

Defendant also argues that the patrol logs only indicate that the search was underway at 5:30 p.m. Officer Arthur testified that he did not participate in the initial entry. Therefore, according to Defendant, the search could have began as early as 1:00 p.m. The Court is not persuaded by this argument. Merely because the search was underway at 5:30 does not support an inference that the search had begun as early as 1:00 p.m. The Court has weighed all the evidence and finds that 5:00 p.m. is the more credible time that the search was commenced.

Defendant next argues that the Government has changed its position as to when the search took place, and thus should not be given any deference in its account of the search time. The Government in its Response to Defendant's Motion to Suppress stated that the search began around 1:00 p.m., which would place the search prior to the issuing of the search warrant. The Government responds that it was determining the search time from Defendant's brief, rather than from its own investigation, and the more relevant evidence is the testimony elicited at the motion hearing, rather than the Government's brief. The Court notes that although the better practice would be for the Government to indicate in the brief that the time estimates are derived from the

Defendant's brief and not from the Government's witnesses, this discrepancy does not persuade the Court that it erred in its reconstruction of the events. The Government concedes that it erred in initially naming 1:00 as the search time. The Court made its determination from the testimony of the witnesses and Officer Arthur's logs. The evidence offered at the hearing and thereafter more persuasively convinces the Court that the search took place at 5:00 p.m..

The final argument made by Defendant is that the Court should be skeptical of the Government's representation that there are no aerial surveillance logs to confirm time of the search. According to Defendant, such a statement indicates that the Government is not being forthcoming in the production of discovery. This argument amounts to mere speculation on the part of Defendant and will not be considered by the Court.

**WHEREFORE,**

**IT IS THEREFORE ORDERED** that the Defendant's Motion to Reconsider the Court's March 16, 2000 Order Denying Defendant's Motion to Suppress **[Doc. No. 84]** is hereby **DENIED**.

**DATED** this 17th day of May, 2000.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

Attorney for Defendant:
Cliff McIntyre

Attorney for Government:
Neil Gallagher